**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carlos OJEDA–SIERRA, also known as
Carlos Garcia–Sierra, Defendant–
Appellant.**

No. 01–4000.

United States Court of Appeals,
Tenth Circuit.

July 31, 2001.

Before HENRY, BRISCOE, and MURPHY, Circuit Judges.

ORDER AND JUDGMENT *

HENRY, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. *See* Fed.R.App.P. 34(f). The case is therefore submitted without oral argument.

Mr. Ojeda–Sierra pleaded guilty to one count of illegal reentry following deportation in violation of 8 U.S.C. § 1326(a). He was sentenced to fifty-seven months' imprisonment, followed by thirty-six months' supervised release. The district court increased Mr. Ojeda–Sierra's base offense level by sixteen points pursuant to USSG § 2L1.2(b)(1)(A) because of his prior conviction for an aggravated felony. Mr. Ojeda–Sierra objected to the sixteen-level enhancement for having previously sustained an aggravated felony. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

The basis for Mr. Ojeda–Sierra's argument is *Apprendi v. New Jersey,* 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). There the Supreme Court held that facts used to enhance the penalty for a crime beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. Specifically he argues that, because he was neither

---

charged with, nor pleaded guilty to, the prior felony conviction, the sentencing court erred in relying on the prior conviction to enhance his sentence under 8 U.S.C. § 1326(b)(2).

Mr. Ojeda–Sierra concedes that his argument is foreclosed for the time being by *Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), *see* Aplt's Br. at 3–4, but seeks to preserve his argument for review by the Supreme Court in anticipation that *Almendarez–Torres* will be overruled. He has done so. "Nevertheless, *Almendarez–Torres* has not been overruled and directly controls our decision in this case." *United States v.. Dorris,* 236 F.3d 582, 587 (10th Cir.2000), *cert. denied,* —— U.S. ——, 121 S.Ct. 1635, 149 L.Ed.2d 495 (2001).

Accordingly, we AFFIRM Mr. Ojeda–Sierra's sentence.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.